# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 13 – CV – 2546 – PAB - GPG

Robin L. Williams,
    Personal Representative of
    The Estate of Michael R. Williams, Deceased

    Plaintiff,

v.

Fred D. McKee,
Debbie Griffith
    And
Delta County, Colorado,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Gordon P. Gallagher, United States Magistrate Judge**

This matter comes before the Court as a result of Plaintiff's motion for leave to file a second amended complaint (Document 31), Plaintiff's second amended complaint (Document 31-1) and Defendants' response thereto (Document 36). In the original complaint (Document 1) and the first amended complaint (Document 19), Defendant Delta County, Colorado is named "Delta County, Colorado." Plaintiff's proposed amendment is to change the party name to "Board of County Commissioners of Delta County, Colorado." It is hereby respectfully recommended that Plaintiff's motion to amend be GRANTED.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing

The heart of this matter is Plaintiff's failure to correctly name Delta County, Colorado in the original and the first amended complaint as Board of County Commissioners of Delta County, Colorado. C.R.S. 30-11-105 requires so naming the county in all suits.

The Court believes the following relevant facts to be beyond dispute:

1. Plaintiff filed the original complaint on September 18, 2013 (Document 1) naming Delta County, Colorado as a Defendant.

2. Plaintiff filed the first amended complaint on December 13, 2013 (Document 19) again naming Delta County, Colorado as Defendant.

3. Plaintiff moved to file the second amended complaint on February 11, 2014 (Document 31) attempting to change the Defendant name to Board of County Commissioners of Delta County, Colorado.

4. Plaintiff was terminated from his employment on September 20, 2011. The original complaint was filed within 2 years of that date. [2]

5. Defendants filed a motion to dismiss (Document 20) on December 27, 2013. That document was filed within 120 days of the filing of the original complaint.

6. Defendants' motion to dismiss (Document 20) argues at pp. 3-4 that Delta County should be dismissed due to Plaintiff's failure to properly designate the party as Board of County Commissioners of Delta County, Colorado.

---

objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[2] *See* C.R.S. 13-80-102 dictating a two year statute of limitations in "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and *McKay v. Hammock*, 730 F.2d 1367(10th Cir. 1984) describing how that applies to Section 1983 actions (state statute applies when the applicable Federal law is silent as to a statute of limitations).

Federal Rule of Civil Procedure 15(c) reads:

Relation Back of Amendments.
(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff, in the motion for leave to file second amended complaint (Document 31) mistakenly cites Rule 15(c)(1)(B)(i) & (ii) as the reason Plaintiff's motion should be granted. As set forth above, subsections (i) and (ii) are found within section (C), not section (B).

The United States Supreme Court recently addressed the subject of relation back in some detail in *Krupski v. Costa Crociere S.p.A.*, 130 S.CT. 2485 (2010). Justice Sotomayor states "We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Id.* at 2490. Later on in the opinion, it states that "[t]he only question under rule 15(c)(1)(C)(ii) then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him." *Id.* at 2494.

Relation back as a doctrine is meant to "[b]alance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Id*. If the

Rule's strictures are met, relation back is a mandatory and not left to the court's equitable discretion. *Id*. At 2496.

In the present case, a review of the statute, starting with Rule15 A is appropriate. Section 1983 claims are not blessed with a statute of limitations under Federal law. Thus the State two year statute of limitations applies as is discussed in footnote 2 *supra*. Nothing in either the Federal statue nor in C.R.S. 13-80-102 prohibits relation back.

The query in Rule 15(B) is essentially whether the attempted amended complaint is trying to add a new claim or is essentially relying on what is plead in the original pleading. Plaintiff's second amended complaint adds nothing new in the way of claims, attempting only to change the party name.

The final analysis is the three part test in Rule 15(C). First, did the party get informed within 120 days.? The obvious answer here is yes. Delta County knew, as is made clear by their motion to dismiss, section I in particular (Document 20, pp. 3-4). Did they receive notice? They must have, otherwise they could not have filed the motion to dismiss within 120 days on this exact issue. Did Delta County know that action would have properly been brought against the Board of County Commissioners had there not been a mistake? The chain of events in this action also makes it clear that the answer to that sub-part is an unequivocal yes.

The Court would also note that pursuant to C.R.S. 30-11-105, the suit is still "against a county." That statue is only dictating the name under which the party must be sued.

The Federal Rules of Civil Procedure balance a parties' interest in repose with a preference for resolving disputes on the merits. *See Krupski* at 2494. A Defendant should not be allowed to escape suit due to a mistake of identity. *See Id.*

In the present case, Delta County is the party that Plaintiff was attempting to sue however Plaintiff failed to do so in the manner dictated by State law. Delta County was informed within the 120 days and well knew that, absent Plaintiff's mistake, they were the party being sued. Delta County should not reap the windfall of this mistake and should be required to deal with the merits of this action. For the foregoing reasons, this United States Magistrate Judge respectfully recommends that Plaintiff's motion to amend be granted.

Dated at Grand Junction, Colorado, this 11th day of March, 2014.

_____
Gordon P. Gallagher
United States Magistrate Judge