**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 13 – CV – 2546 – PAB - GPG

Robin L. Williams,
      Personal Representative of
      The Estate of Michael R. Williams, Deceased

      Plaintiff,

v.

Fred D. McKee,
Debbie Griffith
      And
Delta County, Colorado,

      Defendant.

---

**COMBINED ORDER REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (document #44)**

**and**

**PLAINTIFF'S MOTION FOR LEAVE TO EXTEND LIMITS on REQUESTS FOR PRODUCTION AND PROPOUND REQUEST FOR INSPECTION (document #49)**

---

This matter comes before the Court on the following motions, replies and responses:

    1.      Defendant's motion for protective order (document #44), Plaintiff's response (document #51) (stricken by Order of the Court), Plaintiff's amended response (document #54), and Defendant's reply (document #55); and

2.      Plaintiff's motion for leave to extend limits on requests for production and to propound requests for inspection (document #49) and Defendant's response (document #56).  Plaintiff did not reply.

By Orders of reference, (documents #46 & 50), these matters have been referred to the Magistrate Judge.  The Court has reviewed the pending motions, the responses and other exhibits attached thereto.  The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument would not materially assist the Court in adjudicating this motion. For the reasons discussed below, the Court enters the following Orders GRANTING Defendant's motion for protective order and DENYING Plaintiff's motion to extend limits:

**FACTUAL BACKGROUND**

This matter involves Mr. Michael R. Williams, deceased husband of Plaintiff.  Mr. Williams was a two time employee of Delta County Colorado and was supposedly discharged in 2011 and 2013, first from the Sheriff's Department and then from the Assessor's Office.  Plaintiff claims that the first discharge was due to Mr. Williams' choice to display a bumper sticker on his personal vehicle stating "Still Voting Democrat? You're Stuck on Stupid." and that the second discharge was in retaliation for filing this lawsuit with regard to the first discharge.

The Court would  note that the original complaint (document #1), which was filed September 18, 2013, does not address the issue of Mr. William's second discharge from Delta County

employment.  The second discharge of Mr. Williams, that being from the Assessor's Office, was

added in the Amended Complaint (document #19), which was filed on December 13, 2013.

**CIVIL SCHEDULING ORDER**

A civil scheduling order (document #25) was Ordered by the Honorable Michael J. Watanabe,

United States Magistrate Judge, on February 3, 2014.  In pertinent part, that Order, which has

never been modified or amended, allowed the following:

8A:     "25 interrogatories per side without leave of Court;"

8C:     "Each side 25 requests for production of documents without leave of Court."

It should be noted that, in the proposed scheduling order, Plaintiff asked for 40 requests for

production and the Court denied that request instead allowing the current 25.

**RELEVANT DISCOVERY CONDUCT**

The following documents have been provided to the Court by way of exhibits appended to the

various motions and responses and are listed in chronological order which is not the order in

which they were received by the Court:

2/11/14          Plaintiff's request for production of documents (1-25);

3/31/14          Plaintiff's second set of requests for production of documents (26-38);

| | |
|---|---|
| 4/4/14 | Defendant's responses to Plaintiff's interrogatories; |
| 4/4/14 | Defendant's responses to Plaintiff's request for production of documents; |
| 4/8/14 | Plaintiff's third set of requests for production of documents (39-60); |
| 4/8/14 | Plaintiff's letter to Defendant stating that Plaintiff believed certain of the interrogatory responses were incomplete.  The final substantive line of the letter states "Enclosed is the 3rd Requests for Production of Documents."; |
| 4/9/14 | Defendant's letter to Plaintiff objecting to the second set of requests for production and offering to answer a more tailored and non-repetitive list of requests; |
| 4/15/14 | Defendant's letter to Plaintiff objecting to the third set of requests for production; |
| 4/22/14 | Plaintiff's letter to Defendant stating that some of the responses to the requests for production (as to the first 25 requests) were incomplete; |
| 4/28/14 | Plaintiff's request for inspection and/or copying (1-18); |
| 5/2/14 | Defendant's letter to Plaintiff objecting to the request for inspection and/or copying as essentially falling within the request for production category and thus being in excess of that allowed by the Court; and |
| 5/6/14 | Defendant's letter to Plaintiff addressing supposed insufficiencies to some of the interrogatory replies. |

It should be noted that Plaintiff's documents are replete with misspellings, punctuation and grammatical errors and other writing issues.  When quoted *infra*, those errors are faithfully copied so as to accurately reflect the source.

On May 13, 2014, for the first time subsequent to the scheduling order conference held in February, 2014, Plaintiff moved to extend the limits with regard to requests for production and inspection (document #49).  Plaintiff's stated reason for the needed increase is that "In discovery responses Defendants (hereinafter MRW), for the first time stated many categories of reasons why they fired MRW and areas of deficiencies in his work, including . . ." (document #49, para. 1).

## ANALYSIS

Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information. *United States ex rel. Schwartz v. TRW, Inc.,* 211 F.R.D. 388, 392 (C.D.Cal.2002). To that end, Rule 26(b) permits discovery "regarding any matter ... that is relevant to the claim or defense of any party" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed.R.Civ.P. 26(b)(1). *See also Williams v. Board of County Commissioners,* 192 F.R.D. 698, 702 (D.Kan.2000) (a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense).

The Federal Rules of Civil Procedure recognize, however, that the right to conduct discovery is not absolute. For example, a party's right to obtain discovery may be constrained where the court determines that the requesting party has had ample opportunity by discovery to obtain the

information sought, or determines that the burden or expense of the proposed discovery outweighs its likely benefit, given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C). *Cf. Qwest Communications International, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D.Colo.2003) ("in every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery"); *Marens v. Carrabba's Italian Grill, Inc.,* 196 F.R.D. 35, 37–38 (D.Md.2000) ( "[t]he court is given great flexibility to order only that discovery that is reasonable for a case, and to adjust the timing of discovery and apportion costs and burdens in a way that is fair and reasonable"). The Federal Rules of Civil Procedure further permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P.26(c).

The Federal Rules impose concomitant obligations on a party responding to discovery requests. The certification requirement under Rule 26(g)(1) applies equally to counsel for the responding party. Discovery requests must be given a reasonable construction, and a responding party is not permitted to conjure up ambiguity where there is none. *King–Hardy v. Bloomfield Board of Education,* 2002 WL 32506294, *5 (D.Conn.2002). Objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. *See, e.g., Ayers v. Continental Casualty Co.,* 240 F.R.D. 216, 221 (N.D.W.Va.2007); *Nagele v. Electronic Data Systems Corp.,* 193 F.R.D. 94, 109 (W.D.N.Y.2000). "[A]n objection to requested discovery may not be made until a lawyer has 'paused and consider[ed]' whether based on a 'reasonable inquiry,' there is a 'factual basis [for the] ... objection."

*Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358 (D.Md.2008). Most importantly, Rules 33 and 34 require a party to answer to the extent a discovery request is not objectionable. *See, e.g, Doe v. National Hemophilia Foundation,* 194 F.R.D. 516, 520 (D.Md.2000).

The Scheduling Order may only be modified for good cause. *See* Fed.R.Civ.P. 16(b)(4); *Ulibarri v. City & Cnty. of Denver,* No. 07–cv–01814–WDM–MJW, 2008 WL 4861925, at *1 (D.Colo. Nov. 10, 2008) (evaluating a request for an increase in the allowable number of discovery requests pursuant to the good cause standard); *Catholic Health Initiatives Colo. v. Gross,* No. 06–cv–01366–REB–BNB, 2007 WL 3232455, at *1 (D.Colo. Oct. 29, 2007) ("[A] scheduling order may be amended only upon a showing of good cause."). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gross,* 2007 WL 3232455 at *1. "Rule 16 scheduling orders are at the heart of case management, and if they can be flouted every time counsel determines he made a tactical error in limiting discovery, their utility will be severely impaired." *Home Design Serv., Inc. v. Trumble,* No. 09–cv–00964–WYD–CBS, 2010 WL 1435382, at *8 (D.Colo. Apr. 9, 2010) (internal punctuation and citations omitted).

The foregoing discovery standards provide a legal backdrop for the motions presently before the Court.  In the present circumstance, Plaintiff utilized all of its requests for production in its first set of requests on February 11, 2014.  Plaintiff subsequently argues that it should be given leave to make additional requests and to inspect.

Plaintiff specifically argues that new information was revealed by Defendant in Defendant's discovery responses. The Court rejects this argument for the following reasons:

First, Defendant's first set of discovery responses is dated April 4, 2014. Plaintiff filed its second set of requests for production (26-38) days prior to ever receiving a response from Defendant. Plaintiff could not have based its additional requests, at least requests 26-38, on information it did not yet possess.

Second, Plaintiff claims that it learned such things as "a. being a certified or licensed appraiser within 2 years was a prerequisite for his job with the Assessor's Office." (Plaintiff's motion for leave to extend limits, document #49, para 1). This was previously addressed in Plaintiff's first set of interrogatories, specifically interrogatory 24 which reads "Documents indicating Griffith told MRW he had 2 years after he began the job to get his license and how long other assessor's office employees had to get their licenses."

Another example from Plaintiff's motion for leave to extend is Plaintiff's statement "Defendants alleged MRW did not properly do splits, so a request was sent seeking documents indicating MRW was required to do work on, or was trained on doing splits, when they were done and when they had last been done before April 2013." Plaintiff claims that this is new information. This claim is belied by Plaintiff's interrogatory #22 requesting "Documents indicating MRW was trained on or instructed to do splits, and whether they were done regularly . ." Many of Plaintiff's additional requests, subsequent to the allowed 25, are not based on new information and appear to have been matters of which Plaintiff was well aware for some time.

8

Third, Plaintiff's requests are frequently duplicative.  For example:  request for production 39 is essentially a restatement of request 24.  Request 52 is a restatement of request 18.  Request 57 is a restatement of request 22.  Request 58 is a restatement of request 23.  This pattern continues through the additional requests.

Fourth, Plaintiff's requests are sometimes so broad as to be unanswerable or absurd.  For example, request 31 states "Documents which mention MRW or any matter stated in the Amended Complaint."

The above listed requests provide just a short sample of the frequently absurd, repetitive and unanswerable requests posed by Plaintiff in its 60 requests for production.  In addition, Plaintiff posed an additional 18 requests in its document titled Request for Inspection and/ or Copying. Many of these, such as number 2 which reads "Computers indicating all work done, including sales verifications, having to do with properties in Crawford, Hotchkiss and Paona CO 2011-present" are no less absurd.  For the uninformed, Crawford, Hotchkiss and the properly spelled Paonia, are each towns on the Western Slope of Colorado in Delta County.  This question, if taken literally, could allow inspection of dozens or more computers relating to "all work done."

Plaintiff argues that it can propound requests for inspection in addition to requests for production and that the requests for inspection are either not limited by the 25 requests for production limit set forth in the scheduling order or perhaps not limited at all.  Requests for production and requests for inspection both fall under Federal Rule of Civil Procedure 34.  In effect, requests for

on-site or onerous inspections can be alleviated by a production of documents "in a form or forms in which it is ordinarily maintained . . ." Federal Rule of Civil Procedure 34(b)(2)(E)(ii). The scheduling order limit as to this entire category is 25.

As stated above, the scheduling order is no "frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." It is an Order of the Court and should be treated as such. Plaintiff, without attempting in the slightest fashion to obtain leave of the Court, sent Defendant an additional 53 requests for production. After each additional request, Defendant clearly warned Plaintiff that the allowed number was being exceeded and the Defendant would motion the Court for a protective order. Defendant so warned Plaintiff, in writing, on at least three separate occasions. Defendant even offered, in its first warning letter, to try and respond to some of the requests if Plaintiff would remove the duplicative requests and more narrowly tailor those non-duplicative requests. Defendant repeatedly requested that Plaintiff withdraw those requests over and above the 25 allowed by the Court. Finally, after request 78 was made, Defendant filed the instant motion for protective order (document #44), to which Plaintiff then filed a motion for telephone conference (document #45), which was denied by the Court, and the motion for leave to extend (document #49).

The Court finds that Plaintiff repeatedly violated the scheduling order by filing additional requests for production and inspection over and above that allowed by the Court. Plaintiff interposed 53 requests over what was allowable. Plaintiff did so despite repeated warnings from Defendant thus necessitating Defendant's motion for a protective order.

Thus, the Court hereby GRANTS Defendant's motion for a protective order (document #44). Defendant is prohibited from: (1) any further requests for production over the limits in the scheduling order without specific leave of the Court, (2) any further requests for inspection over the limits in the scheduling order without specific leave of the Court (these requests fall within the 25 requests for production limit), (3) exceeding in any fashion the discovery limits in the scheduling order without leave of the Court.  Defendant need not respond to any discovery requests over and above the limits set by the Court in the scheduling order.  Specifically, Defendant need not respond to:  (1)  Plaintiff's second set of requests for production of documents (26-38), (2)  Plaintiff's third set of requests for production of documents (39-60), or (3)  Plaintiff's request for inspection and/or copying (1-18).

Pursuant to Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), Plaintiff is hereby Ordered to pay Defendant's reasonable expenses regarding this motion (Defendant's motion for protective order <u>not</u> the motion to extend limits) including attorney's fees.  Such fees are to be awarded in an amount to be agreed to by the parties or determined by subsequent order. The award is made jointly and severally against the Plaintiff and its Counsel. To facilitate this award, the parties shall confer. If they cannot agree to the amount of the reasonable expenses and attorney's fees incurred in making the motion for protective order and if the award is not satisfied in full, on or before July 5, 2014, the Defendant shall file a fee application that complies with the requirements of <u>D.C.COLO.LCivR 54.3</u>.

The Court DENIES Plaintiff's motion to extend limits (document #49) finding that: Plaintiff has not shown good cause to exceed the limits set for the in the scheduling order, the additional

requests sought are unduly duplicative of requests already made, the additional requests could have reasonably and tactically been anticipated and thus included within the allowable requests, the limits set forth in the scheduling order are entirely reasonable given the nature of the dispute at hand, and finally that many of Plaintiff's proposed additional requests are so broad as to be unanswerable or absurd.

      Dated at Grand Junction, Colorado, this 19th day of June, 2014.

_____
Gordon P. Gallagher
United States Magistrate Judge