**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 13 – CV – 2546 – PAB - GPG

Robin L. Williams,
        Personal Representative of
        The Estate of Michael R. Williams, Deceased

        Plaintiff,

v.

Fred D. McKee,
Debbie Griffith
        And
Delta County, Colorado,

        Defendant.

---

**ORDER REGARDING DEFENDANTS' MOTION TO STAY DISCOVERY (document #59)**

---

This matter comes before the Court on the following motion, response and reply:

1.      Defendants' motion to stay discovery (document #59), Plaintiff's response (document #67) and Defendants' reply (document #72).

By Order of reference, (document #60), this matter has been referred to the Magistrate Judge. The Court has reviewed the pending motion, the response, the reply and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument would not materially assist the Court in adjudicating this motion.

For the reasons discussed below, the Court enters the following Order DENYING Defendants'
motion to stay discovery:

A motion to stay discovery pending determination of a dispositive motion is an appropriate
exercise of this court's discretion. *Landis v. North American Co.,* 299 U.S. 248, 254–255 (1936).
The power to stay proceedings is incidental to the power inherent in every court to control the
disposition of the cases on its docket with economy of time and effort for itself, for counsel, and
for litigants. How this can best be done calls for the exercise of judgment, which must weigh
competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States,* 282
U.S. 760, 763 (1931).

To resolve motions to stay discovery, this District has adopted the following five-factor
balancing test: (1) prejudice of a stay to plaintiff's interest in proceeding expeditiously; (2) the
burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and
(5) the public interest. *See String Cheese Incident, LLC. v. Stylus Shows, Inc.,* 02–CV–01934–
LTB–PAC, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006). *See also, Landis v. North
American Co.,* 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills,
Inc.,* 322 F.3d 1222, 1227 (10th Cir.2003); *Battle v. Anderson,* 564 F.2d 388, 397 (10th
Cir.1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he
right to proceed in court should not be denied except under the most extreme circumstances."
*Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484

(10th Cir.1983)(quoting *Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971). A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at*2 (D.Colo. Mar. 2, 2007). However, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003). Moreover, lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.*

In the instant case, a motion to dismiss (document #20 and subsequent relevant documents) has been briefed and is pending.  In that motion, as one of many potential basis argued to the Court for dismissal of the action, is a spin off on subject matter jurisdiction.  This argument addresses the issue of whether Plaintiff properly designated Delta County as a Defendant (document #20, pp. 3-4).   While that specific argument is still pending before The Honorable Judge Brimmer, this Court issued a recommendation (document #38) on a related motion for leave to file a second amended complaint (document #31).  This Court recommended that the motion for leave to file a second amended complaint should be granted.  Defendant promptly objected to this Court's recommendation (document #39).  Defendants' other basis enumerated in their motion to dismiss do not appear to implicate subject matter jurisdiction.

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter," Fed.R.Civ.P. 12(b)(1). The determination of subject matter jurisdiction is a threshold question of law which must be decided before the case can move forward. *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers,* 841 F.2d 1011, 1012 (10th Cir.1987). If the Court lacks subject matter jurisdiction, the entire action will be dismissed. Here, even were a portion of this action regarding the correct name for Defendant Delta County to be dismissed due to lack of subject matter jurisdiction, it does not appear that the action would be dismissed as to the remaining Defendants on that specific basis, e.g.: subject matter jurisdiction.

The Court will now look at the *String Cheese* factors.  In analyzing the propriety of a stay of discovery this Court acknowledges there is some prejudice to the Plaintiff in delaying discovery, as is addressed in Plaintiff's response.  Unlike many of the actions cited as precedent for why the Court should grant this motion, in this case Plaintiff clearly opposes the motion to stay.  Plaintiff claims to have significant additional areas of discovery it wishes to flesh out during the deposition process.

With regard to the burden on Defendant, certainly there would be some additional burden, particularly as the remaining discovery appears to be in the nature of depositions.  However, even were the Court to grant the dismissal as to Defendant Delta County on the subject matter basis, it is entirely possible that one or more of the individual Defendants may remain in this action.  This will be true unless the motion to dismiss is granted in its entirety.

Convenience to the Court is not overly implicated in this circumstance.  The Court is not being asked to expend extensive time undergoing such matters as *in camera* review of documents or the like.  Certainly, there has been some litigation of discovery issues in this matter to date.  The Court expects that the parties will respectfully, responsibly and in a spirit of cooperation move through the deposition portion of the discovery thus avoiding the discovery problems, perhaps abuses, that have occurred to date.  This means returning telephone calls, talking through issues like professionals and trying to resolve issues without Court interference.

As to the interests of third parties and the public interest, the last two of the five *String Cheese* factors, these do not seem to be implicated except in the most generic sense.  There are no known third parties and this case, while important in the sense that all cases are, is of no great individual public interest and does not appear to be of significant possible legal precedent.  That being said, sometimes the most unlikely cases set significant future precedent.

After weighing all the competing interests, the Court cannot say that any specific interest is of substantially greater weight than another.  Defendant has an interest, primarily financial, in staying the discovery so as to not have to defend multiple upcoming depositions.  Plaintiff has an interest in seeing the action proceed expeditiously and getting the discovery it believes necessary for that purpose.  Thus, the Court must fall back on the overriding principal that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n supra at* 1484.  After reviewing all the facts and attendant circumstances, the Court cannot say that this is an extreme circumstance.  Thus, the motion to stay discovery under these facts and circumstances is denied.

Dated at Grand Junction, Colorado, this 21st day of July, 2014.

_____
Gordon P. Gallagher
United States Magistrate Judge