**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 13 – CV – 2546 – PAB - GPG

Robin L. Williams,
    Personal Representative of
    The Estate of Michael R. Williams, Deceased

    Plaintiff,

v.

Fred D. McKee,
Debbie Griffith
    And
Delta County, Colorado,

    Defendant.

---

**ORDER REGARDING PLAINTIFF'S MOTION TO STAY DISCOVERY (document #78)**

**and**

**REVISED ORDER REGARDING DEFENDANTS' MOTION TO STAY DISCOVERY (document #59) REVISING AND REVERSING THE COURT'S PRIOR ORDER (document #74)**

---

This matter comes before the Court on the following motions, response and reply:

1. Defendants' motion to stay discovery (document #59), Plaintiff's response (document #67) and Defendants' reply (document #72); and

2. Plaintiff's motion for stay of discovery and other deadlines (document #78).

By Orders of reference, (documents #60 and 79), these matters have been referred to the Magistrate Judge. The Court has reviewed the pending motions, the response, the reply and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons discussed below, the Court enters the following Orders GRANTING Defendants' and Plaintiff's motions to stay discovery:

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.,* 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States,* 282 U.S. 760, 763 (1931).

To resolve motions to stay discovery, this District has adopted the following five-factor balancing test: (1) prejudice of a stay to plaintiff's interest in proceeding expeditiously; (2) the burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and (5) the public interest. *See String Cheese Incident, LLC. v. Stylus Shows, Inc.,* 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006). *See also, Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir.2003); *Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)(quoting *Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971). A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at*2 (D.Colo. Mar. 2, 2007). However, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003). Moreover, lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.*

With regard to the instant case, Defendants filed a motion to stay discovery (document #59) in June 2014. The Court, is its prior Order on this matter (document #74), denied that motion. That Order was entered after an analysis of the *String Cheese* factors. As a significant part of that analysis, this Court considered the Plaintiff's objection to a stay. That analysis is now altered by the Plaintiff's filing of a motion to stay (document #78) which essentially requests from the Court the same relief in a different context. It is important to note that Plaintiff, in the conferral statement, relays that Defendants would not oppose Plaintiff's motion were Plaintiff to agree to a

reciprocal stay. (Document #78, p. 1). Plaintiff opposes such a reciprocal stay out of concern that "the court may not permit discovery after the rulings on the motion and objections." *Id*. A fear which this Court believes is misplaced.

Plaintiff has pending before the Honorable Judge Brimmer an objection (document #68) to this Courts earlier ruling on another discovery related dispute (document #66). This Court denied Plaintiff the ability to engage in certain additional discovery Plaintiff believes is necessary. Because of this lack of additional discovery, Plaintiff does not believe that it will be ready to engage in depositions set for later this month. While this Court certainly makes no comment on the efficacy of either Defendants' motion to dismiss or of Plaintiff's objection, this Court can see why each party would wish to have the answer to those questions before proceeding with further discovery and the time and expense thus entailed.

This leaves the issue of Plaintiff's concern regarding the ability to conduct discovery after Judge Brimmer rules on the pending motions. Should Defendants' motion to dismiss be granted entirely, this would be moot. Should the motion to dismiss be denied or granted only in part, this Court will re-figure the time necessary to conduct depositions and, if applicable, to conduct additional discovery outside the depositions.

This Court now finds, after reviewing all the facts and attendant circumstances and the additional factor of Plaintiff's motion to stay, that the burden has been met and that a stay is appropriate.

Therefore, it is ORDERED that both aforementioned motions to stay are GRANTED.  This case is STAYED pending ruling on the Defendants' motion to dismiss or the Plaintiff's objection (document #68) and the stay shall not be lifted until further Order of the Court.

It is further ORDERED that the parties shall file a joint status report within 10 days of the District Court's ruling on the motion to dismiss if any portion of the action remains pending or within 10 days of the District Court's ruling on Plaintiff's objection to the Magistrate Judge (document #68), whichever comes first.

Dated at Grand Junction, Colorado, this 7th day of August, 2014.

_____
Gordon P. Gallagher
United States Magistrate Judge