**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Case No. 13 – CV – 2546 – PAB - GPG

Robin L. Williams,
    Personal Representative of
    The Estate of Michael R. Williams, Deceased

    Plaintiff,

v.

Fred D. McKee,
Debbie Griffith
    And
Delta County, Colorado,

    Defendant.

---

**ORDER REGARDING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS (document #69)**

---

This matter comes before the Court on the following motion and response:

1.     Defendants' motion for attorney fees and costs (document #69) and Plaintiff's response (document #73).

By Order of reference, (document #71), this matter has been referred to the Magistrate Judge. The Court has reviewed the pending motion, the response, and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument would not materially assist the Court in adjudicating this motion. For

the reasons discussed below, the Court enters the following Order GRANTING Defendants' motion for attorney fees and costs:

This matter stems from a discovery dispute which culminated with Defendant filing a motion for protective order (document #44). The Court granted that motion and ordered Plaintiff to pay Defendants' reasonable expenses including attorney's fees. (document # 65, p. 11). Defendant now moves for payment of those fees. Plaintiff separately appealed this Court's granting of the protective order by way of an appeal to The Honorable Judge Brimmer (document # 68) which appeal was overruled (document #82).

Pursuant to D.C.COLO.LCivR 54.3B., a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience." Defendants submitted one affidavit, authored by their attorney Jeffrey L. Driscoll ("Driscoll") (document #69-1) The motion (document #69) and the affidavit (document #69-1) include a description of services rendered, the amount of time expended in connection drafting, researching and replying with regard to the motion for protective order, Mr. Driscoll's hourly rate, his qualifications/experience, and costs expended (none). He seeks $1,417.00 in attorney's fees. The Court finds that Mr. Driscoll has satisfied the requirements of Local Rule 54.3B.

Turning to the reasonableness of Mr. Driscoll's hourly rates, the party seeking attorneys' fees bears the burden of producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Mr. Driscoll has practiced law since 1992, has provided defense of governmental entities for about seventeen years, and has defended hundreds of cases and conducted hundreds of depositions in that period. *Motion* (document #69, p. 2). In this case, he seeks fees at an hourly rate of $170.00 and paralegal fees at a rate of $100.00 per hour. *See Aff. of Driscol* (document #69-1, pp. 1-2). The Court finds that the hourly rate of $170.00 is reasonable in this jurisdiction for counsel with Mr. Driscoll's experiences and qualifications and that a paralegal rate of $100.00 per hour is similarly reasonable. *See Shrader v. Beann*, No. 10-cv-01881-REBMLW, 2012 WL 527480, at *3 (D. Colo. Feb. 12, 2012) (finding that an hourly rate of $425 for senior attorneys in the Denver area is reasonable); *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, No. 09-cv-00717-CMA-BNB, 2011 WL 3568165, at *8-9 (D. Colo. Aug. 15, 2011) (same)). A party seeking an award of attorneys' fees must demonstrate that the expenses it seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Generally, the starting point for any calculation of reasonable attorneys' fees is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id.* at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37. The Court therefore exercises its "discretion in making this equitable judgment" and need not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness

overall. *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).

Based on the undersigned's seventeen years of combined private and judicial experience and careful consideration of Mr. Driscoll's Affidavit and the issues underlying this matter, the Court finds that Mr. Driscoll's claimed fees are reasonable here. *See* Case 1:10-cv-02862-REB-KLM Document 583 Filed 01/14/14 USDC Colorado Page 9 of 16-10- *See, e.g.*, *Onesource Commercial Prop. Servs., Inc. v. City & Cnty. of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011). Accordingly, the Court concludes that Defendants are entitled to an award of $1,417.00 in fees incurred as a result of Plaintiff's actions which led to the necessity that Defendant file a motion for protective order.

IT IS FURTHER ORDERED that Defendants shall file a Notice containing the name and address of the person or entity to whom any check, money order, or other form of payment may be made payable on or before August 26, 2014.

IT IS FURTHER ORDERED that Plaintiff shall make the payments due to Defendants, as listed above, on or before October 12, 2014. Failure to do so will result in a recommendation that any Defendant not paid in full by that date be dismissed from this case.

Dated at Grand Junction, Colorado, this 12th day of August, 2014.

_____
Gordon P. Gallagher
United States Magistrate Judge